1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   DONALD M. GINDY, SB# 45228
2     E-Mail: Donald.Gindy@lewisbrisbois.com
   221 North Figueroa Street, Suite 1200
3  Los Angeles, California 90012
   Telephone: 213.250.1800
4  Facsimile: 213.250.7900

   LBBS 33163-04

5  Attorneys for Plaintiff, Fresh Software,
   LLC

6

7

8

9                 **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  Fresh Software LLC, a Wisconsin          **CASE NO.**
    Limited Liability Company,
                                             **COMPLAINT FOR:**
13            Plaintiff,
                                             1.  **COPYRIGHT**
14       vs.                                     **INFRINGEMENT;**
                                             2.  **VICARIOUS COPYRIGHT**
15  Raycom Media, Inc., a Delaware               **INFRINGEMENT;**
    corporation; KAIT License Subsidiary,
16  LLC, an Arkansas limited liability       3.  **CONTRIBUTORY**
    company doing business as KAIT TV;           **COPYRIGHT**
17  Timothy Blalock, an individual; DOES         **INFRINGEMENT;**
    1-10, inclusive,
18                                           4.  **VIOLATION OF THE DIGITAL**
              Defendants.                        **MILLENNIUM COPYRIGHT**
19                                               **ACT, §1201(a);**
                                             **REQUEST FOR INJUNCTIVE**
20                                           **RELIEF**

21                                           **DEMAND FOR JURY TRIAL**

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4807-3494.1

1    COMES NOW, Plaintiff, Fresh Software, LLC a Wisconsin limited liability

2  company, alleging that the defendants gained unauthorized access to copyrighted

3

4  software owned by plaintiff, copied and adapted said program and exceeded their

5  limited license without the knowledge or consent of plaintiff and in violation of

6  plaintiff's exclusive rights under the Copyright Act and the Digital Millennium

7

8  Copyright Act.

9                      **A. <u>JURISDICTION AND VENUE</u>**

10   1.     This action arises under the Copyright Act of the United States 17

11
12  U.S.C. §101 and §501, *et seq.* and the Digital Millennium Copyright Act, 17 U.S.C.

13  §1201(a).  This Court has jurisdiction over the subject matter of this action pursuant

14  to 28 U.S.C. §1338(a).

15

16   2.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) & (3).

17   3.     Venue is further proper in that defendant has affirmed a license

18  agreement containing a forum selection clause designating the County of Los

19
20  Angeles, State of California, in the event of dispute.

21                              **B. <u>PARTIES</u>**

22   4.     The Plaintiff, Fresh Software, LLC, (hereinafter "Fresh") is a limited

23
24  liability company, organized and doing business under the laws of the State of

25  Wisconsin.  Its principal place of business is located in Eau Claire, Wisconsin.

26  Fresh is in the business of developing, marketing and selling security related

27
28  application and utility software on the World Wide Web of the Internet.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4807-3494.1                                    2

5.     Plaintiff is informed and believed and thereon alleges that Raycom Media, Inc., is a Delaware corporation (hereinafter "Raycom"), whose principal place of business is at 1 International Place, Boston, Massachusetts.  Plaintiff is further informed that Raycom maintains locations around the United States, including Birmingham Alabama.  Raycom is involved in the television broadcasting business.

6.     Plaintiff is informed and believes and thereon alleges that at all relevant times stated herein, the television station known as KAIT TV (hereinafter "KAIT")was operated through the entity known as KAIT License Subsidiary, LLC, but all was owned by defendant Raycom. KAIT TV is located in Jonesboro, Arkansas.

7.     Plaintiff is informed and believes and thereon alleges that defendants Tim Blalock is and was at all relevant times an employee acting within the course and scope of employment with defendant Raycom.  Plaintiff further believes that Blalock was employed in the capacity of a computer programmer and doing tasks related thereto.

## C. **GENERAL ALLEGATIONS**

8.     Plaintiff alleges that at all relevant times the injury and damages complained of were noted and recorded within this judicial district.  Plaintiff alleges that it is in contract with Hitek Software, LLC, of Goleta, California, to have the latter receive data flowing to Plaintiff's servers.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4807-3494.1

9.     Plaintiff is informed and believes and thereon alleges that each of the defendants was the agent and employee of the remaining defendants and at all relevant times was acting within the purpose and scope of said agency and employment and each of the defendants has ratified and approved the acts of the remaining defendants.

10.     The true names or capacities, whether individual, corporate, associate or otherwise of the defendants DOES 1-10, inclusive, are unknown to plaintiff, who therefore alleges that each of the defendants designated herein as DOES are legally responsible in some manner for the events and happenings herein referred to and is legally responsible for the damages to plaintiff as alleged.

11.     This action seeks damages and injunctive relief based upon defendants' unauthorized access, copying and usage of plaintiff's copyrighted software entitled "X-NetStat Professional."

12.     X-NetStat Professional displays detailed information on a computer's network and Internet connection on a computer's network and Internet connections in real-time.  These connections are established each time a web page is visited, upon sending an instant message, when checking email or at anytime when doing network activity that requires connecting to another computer, regardless of which end initiated the connection.  Each connection is displayed in a "Connection Table," which details the internet address you are connected to, what ports (local and remote) are being used, the connection status, how long the connection has been

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4807-3494.1

active, the program behind the connection and how much bandwidth is being used. Other features are offered as well.

13.    Fresh has registered the program X-NetStat Professional with the Register of Copyright and was given the registration number of TX 6-411-761. A copy of this registration is attached hereto and incorporated by reference as Exhibit "A."

14.    As part of its sales program, Fresh allows limited usage of its software to prospective purchasers. This offering is often referred to "Shareware." Prior to permitting the Trial version to be installed on the user's computer, the prospective purchaser must affirm an End User License Agreement (EULA), a copy of which is attached hereto as Exhibit "B." Once the EULA affirmed, the Trial Version is available. The program automatically disables at the end of thirty days.

15.    If the program meets the user's needs, they may purchase the program at any time by paying the requisite fee to Fresh and receiving in exchange a 25 digit alphanumeric code by which the purchaser installs the program in accordance with the terms and conditions of the license agreement. The purchaser acquires a limited license and not a sale of the software.

16.    Unfortunately, despite the best efforts of the plaintiff, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to the program and have used the software without permission. These intruders have used so-called "cracking sites," which exist in great abundance on the Internet.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4807-3494.1

These sites act as enablers.  They facilitate the permanent unlocking of the Trial version by supplying fraudulent registration codes which allows installation of the program without purchase.  In self-defense, the plaintiff has adopted a tracking system which is able to identify the date and time of the intruder, the internal and external Internet Protocols (IP) of the offending computer, the identity of the user of that computer and other data essential to proof of unauthorized access.

17.    Every computer is assigned a series of numbers by its Internet Service provider. The numbers are provided to North American entities by the American Registry of Internet Numbers or ARIN. ARIN is a non-profit organization whose purpose is the distribution of internet protocol numbers in North America.  The numbers are referred to as the Internet Protocol (IP) address and it is unique to each computer. The party responsible for gaining unauthorized access to plaintiff's program has also been allotted a range of IP numbers. These IP numbers may be referred to as External IPs, since they refer to identifiable ownership and/or operation of individual computers.  Someone from outside the organization attempting a connection would be directed to the External IP.  There are also Internal IP numbers which may define a particular computer to be part of a network within the organization.  However, an outsider cannot reach the Internal IP as it is valid only for the local network.  It will work as a proper address within that network, but not to an outsider.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-4807-3494.1

18.     In the pleadings found below, mention is made of Registration and Usage. The term Registration refers to that time when the infringing party inserts a fraudulent code into the Trial version for the purpose of gaining unlimited and permanent use of the program.  At this point, Registration might also be thought of as "copying" the program as that term is defined in 17 U.S.C. §101, as fixed on the computer of the infringing party. Usage is copying, but it might also refer to the preparation of Derivative Works as defined in 17 U.S.C. §101, based on a pre-existing work, in this case Plaintiff's copyrighted work, and is recast, transformed or adapted to defendant's work.

**FIRST CLAIM FOR RELIEF: Violation of 17 U.S.C. §106(1) & 501, Et Seq., Copyright Infringement.**

19.     Plaintiff incorporates by reference paragraphs 1 through 18, inclusive, as if the same were set forth fully herein.

20.     The unauthorized access of the program by use of a fraudulent registration key occurred on October 18, 2010 at 2:10P.M. EDT.  On the date and time mentioned, a user with the designation "tblalock" operating a computer entitled KAIT-ID03, which had the Private IP address of 192.168.77.72 on Raycom's network, gained unauthorized access to plaintiff's copyrighted program.  The fraudulent code used was BF3B1-A9464-04414-01EA1-03A00.   This is not a code issued by plaintiff.  Plaintiff noted the Public Internet Protocol address of 64.150.183.59 on this computer.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.     On October 29, 2010, at 2:19P.M., EDT, access and usage of the program was once again detected on a second computer.  This computer was entitled RAYCOM-ID001. The user again was defendant, Tim Blalock, who had entered the same fraudulent code as above into the Trial version on December 30, 2008.  In each case, the program accessed was X-NetStat Professional, version 5.56, copyrighted by Fresh with the Register of Copyrights.  The Public IP remains the same, but the Private IP address of this machine is 192.168.72.56, reflecting a presence on the same network as the other computer.

22.     The KAIT-ID03 computer reflected certain data.  The software was opened 6 times; it was used for 8 days, 11 hours and 10 minutes; displayed connections amounted to 5,782; and killed connections were 7.

23.     The Raycom ID001 computer also disclosed data proving usage by the infringer. The software had been opened 89 times over a period of 52 days, 3 hours and 23 minutes; displayed connections amounted to 53,729; kills came to 4,380; whois lockups were 5; and alerts shown were 4,399.

24.     On February 7, 2011, at 7:46 p.m., EST, the Raycom computer was again detected in illegal usage of plaintiff's program. On this occasion, a different Public IP was involved, to wit, 74.194.72.106; the Private IP was noted as: 192.168.2.7.  Again, the user was Tim Blalock.  The software was opened 102 times; the Run time was noted as 81 days, 16 hours, 32 minutes and 40 seconds;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

were 5; and, alerts shown was 4,399. Copies of said illegal usage is attached hereto and incorporated by reference as Exhibit "C."

25.     To summarize to this point, plaintiff's program was used on two different computers with the same name by one person utilizing one fraudulent code, but with different Public IPs and different Private IPs.  Defendant Raycom is on notice of the offending actions as the result of an earlier cease and desist letter and has been directed to halt all such activity which violates plaintiff's exclusive rights under the Copyright Act.

26.     In all instances mentioned above, Blalock has gained unauthorized access to and used X-NetStat Professional, Version 5.56.

27.     It is clear that defendants' actions were knowledgeable and done with intent to harm plaintiff by depriving it of its rightful profit and gain. Defendants have profited and been unjustly enriched by virtue of their infringement for which plaintiff seeks Actual or Statutory Damages pursuant to 17 U.S.C. §504.

28.     Plaintiff alleges that defendants' actions were willful and deliberate, either by usage of fraudulent codes or by notice to cease and desist by plaintiff's counsel, entitling plaintiff to Statutory Damages of at least $150,000.00 or Actual Damages according to proof at time of trial.

/////////////////

/////////////////

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**SECOND CLAIM FOR RELIEF: Vicarious copyright infringement against Raycom.**

29.    Plaintiff incorporates by reference paragraphs 1 through 28, as if the same were set forth fully herein.

30.    Plaintiff is informed and believes and thereon alleges that at all times mentioned, defendant Raycom is an employer, parent corporation, master and director of the work of its employees, servants and agents, including, but not limited to Tim Blalock.  It is alleged that defendant's employees were acting within the course and scope of their employment as computer programmers when the acts mentioned above were committed.

31.    Plaintiff is informed and believes and thereon alleges that as a proximate result of the actions of defendant's employees and others, not presently named herein, defendant Raycom gained a direct financial and business benefit, usage of the benefits of plaintiff's program, that would not otherwise have been available to them, except as a result of the unauthorized access to plaintiff's copyrighted software.

32.    Plaintiff further believes and thereon alleges that at all times mentioned herein Raycom, acting by and through it officers, executives, supervisory personnel and others, had the right and ability to supervise and control the infringing activity.

33.    As proximate result of Raycom's failure to put an end to infringement, it is vicariously liable to plaintiff for its failure to oversee and prevent the


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

unauthorized access, usage of the material and the transfer of the program among the different computers.

34.    It is clear that defendants' actions were considered and deliberate. For those reasons and others, defendants acted in a wanton and willful manner subjecting them to Statutory Damages in a sum no less than $150,000.00, or Actual Damages, which ever is greater.

**THIRD CLAIM FOR RELIEF: Contributory Infringement against defendant Raycom**

35.    Plaintiff incorporates by reference paragraphs 1 through 34, as if the same were set forth fully herein.

36.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Raycom knew or had reason to know by virtue of its operation and control of its employees and its computers of the infringing activity complained of herein.

37.    Plaintiff believes thereon that Raycom at various times has supplied employees with support, both financial and logistic, which has enabled the latter to commit the acts of copyright infringement.

38.    Further, plaintiff believes that the usage of plaintiff's copyrighted program has enhanced and improved the efficiency of defendants' business and has led to greater productivity and greater profit to Raycom.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

39.     By its acts, Raycom has caused and materially contributed to the direct infringement committed by its employees and which has driven Raycom to become liable to plaintiff, according to proof at time of trial.

40.     By reason of the foregoing, plaintiff is entitled to either Actual or Statutory Damages and preliminary and permanent injunctive relief against defendants and all person acting in concert with them, restraining them from further acts causing injury to plaintiffs.

**FOURTH CLAIM FOR RELIEF: Violation of the Digital Millennium Copyright Act at Section 1201.**

41.     Plaintiff incorporates by reference paragraphs 1 through 40, as if the same were set forth fully herein.

42.     At all times mentioned herein, plaintiff has in force a 25 digit alphanumeric code designed to control access to his copyrighted software. It is only when a legitimate purchaser fulfills his obligation with respect to the terms and conditions of the End User License Agreement (EULA) that full access to the program is permitted. When adherence to the EULA is satisfied and payment of the standard marker fee is paid, plaintiff will issue to the purchaser a license and provide the legitimate code in order to permit authorized use.

43.     The code is intended to be a technological measure for the purpose of protecting Fresh's proprietary program from unwanted outsiders. Knowledge of the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

appropriate 25 digits is required in order to gain access to the program, meanwhile hindering those who seek to circumvent the code.

44.     Nevertheless, defendants did avoid and bypass the legitimate code and inserted a fraudulent version which does unlock the program forever without the creator's knowledge or consent.  By so doing, the exceeded the scope of the license and committed infringement.

45.     The true number of occasions of acts of circumvention is unknown to plaintiff at this time, but according to proof at time of trial.

46.     As a result of their unreasonable conduct as set forth above, the defendant is liable to plaintiff for his Actual Damages, which may include, but is not limited to his loss of license income, diminution of value of the program, loss of royalties, exposure of all of the contents of the program to unknown persons and actual cost.  Further, plaintiff is entitled to all profits gained by defendant, including, but not limited to: profits gained by defendant b avoided costs and profits derived from use of the program and all profits attributable to the infringement.  In the alternative, plaintiff is entitled to Statutory Damages per act of circumvention as the court deems just and reasonable.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Fresh Software prays for judgment against Defendant, as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1. For an award of Actual or Statutory Damages under Copyright Act of 1976;

2. For an award of Actual or Statutory Damages pursuant to the Digital Millennium Copyright Act, according to proof;

3. For issuance of Preliminary and Permanent injunctions that defendants and their officers, directors, agents, servants, employees, representatives, and attorneys and all persons in active concert or participation with them, be enjoined from:

   a. Copying, causing to be copied, using and/or selling any counterfeit copy of plaintiff's copyrighted material;

   b. Reproducing, making derivative copies, distributing, or publishing plaintiff's copyrighted works or otherwise infringing on plaintiff's copyrights without express written permission of plaintiff or his delegate;

   c. Contributing to the above conduct; and,

   d. Profiting from the above conduct.

4. For an award and order compelling defendants to disgorge all of their profits and all other unjust enrichment acquired by means of their wrongful conduct;

5. For an award and order that an accounting be made for all profits, income, receipts or other benefits wrongfully derived by defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6. For an award of reasonable attorney's fees and costs according to proof; and

7. For trial by jury;

8. For any other relief warranted by the evidence that the Court deems just and proper.

Dated: October 17, 2013

DONALD M. GINDY
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Donald M. Gindy
Attorneys for Plaintiff,
Fresh Software LLC

4815-4807-3494.1

15